# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIGOBERTO POLANCO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DEPARTMENT OF CORRECTIONS, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:11-cv-01421-BAM PC<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR HEARING<br><br>(ECF No. 9, 11, 20)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 18) |

　　　　Plaintiff Rigoberto Polanco ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On August 26, 2011, an order issued striking the complaint for lack of signature and ordering Plaintiff to file a signed complaint within thirty days. On September 12, 2011, Plaintiff filed a motion for a hearing on appointment of counsel. On September 16, 2011, Plaintiff filed a signed complaint. A duplicate motion for a hearing was filed on September 20, 2011. Plaintiff filed a motion for appointment of counsel on October 24, 2011, and a motion for a telephonic court appearance on his motion for appointment of counsel on November 2, 2011.

　　　　The court finds that a hearing is not needed at this stage of the litigation. The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court screens complaints in the order in which they are filed and strives to avoid delays whenever possible. However, there are hundreds of prisoner civil rights cases presently pending before the Court, and delays are

inevitable despite the Court's best efforts. Due to the heavy caseload, Plaintiff's complaint is still awaiting screening. The Court is aware of the pendency of this case and will screen Plaintiff's complaint in due course.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S. Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims. Id.

For the foregoing reasons, it is HEREBY ORDERED that:

1. Plaintiff's motions for a hearing, filed September 12, 2011, September 20, 2011, and November 2, 2011, are DENIED; and

2. Plaintiff's motion for the appointment of counsel is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **November 3, 2011**              **/s/ Barbara A. McAuliffe**
                                           UNITED STATES MAGISTRATE JUDGE