# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIGOBERTO POLANCO, | CASE NO. 1:11-cv-01421-BAM PC |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS PREMATURE |
| DEPARTMENT OF CORRECTIONS, et al., | (ECF No. 32) |
| Defendants. / | |

Plaintiff Rigoberto Polanco ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action was filed on August 15, 2011, and is currently pending screening. On August 10, 2012, Plaintiff filed a motion for summary judgment. (ECF No. 32.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court will order the United States Marshall to serve Plaintiff's complaint if, and only if, it determines that Plaintiff has stated a cognizable claim.

The Court is yet to screen Plaintiff's complaint to determine whether it states a claim upon which relief could be granted. As such, none of the Defendants have been served or have appeared

in this case.  With this procedural background in mind, the Court will address Plaintiff's pending motion.

Federal Rule of Civil Procedure 56 contemplates that, prior to filing a motion for summary judgment, the opposing party should have a sufficient opportunity to discover information essential to its position. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).  In other words, the case must be sufficiently advanced in terms of pretrial discovery for the summary judgment target to know what evidence likely can be mustered and be afforded a reasonable opportunity to present such evidence. Portsmouth Square, Inc., v. Shareholders Protective Comm., 770 F.2d 866, 869 (9th Cir.1985).  Until such time as Defendants have entered an appearance and had the opportunity to conduct discovery, Plaintiff's motion is premature.  Once Defendants have filed an answer, a discovery order will be entered, and a deadline for the filing of dispositive motions will be set.

Accordingly, it is HEREBY ORDERED that Plaintiff's motion for summary judgment is DENIED as premature.

IT IS SO ORDERED.

Dated:   **August 19, 2012**              /s/ **Barbara A. McAuliffe**
                                          UNITED STATES MAGISTRATE JUDGE