# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIGOBERTO POLANCO, | CASE NO. 1:11-cv-01421-BAM PC |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| DEPARTMENT OF CORRECTIONS, et al., | (ECF No. 36) |
| Defendants. | THIRTY-DAY DEADLINE |

**I.   Screening Requirement**

Plaintiff Rigoberto Polanco ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is the complaint, filed September 16, 2011. (ECF No. 10.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing Bell

Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678-79, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949; Moss, 572 F.3d at 969.

Further, under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555, 127 S. Ct. 1955).

**II.    Complaint Allegations**

Plaintiff alleges that on May 12, 2011, two unidentified officers came to escort him to the psychiatrist. One of the officers hand cuffed Plaintiff and a full body search was conducted that "didn't feel right." (Compl. 4,[1] ECF No. 10.) Sometime later two unidentified officers came to the psychiatrist's office and were mad. Plaintiff was accused of holding something and one of the officers told him to get up or the officer would get Plaintiff up his way. One officer grabbed Plaintiff's arms and chest and was rough and careless. Plaintiff was instructed to strip and as he began taking off his clothes one of the officers started forcefully pulling off Plaintiff's clothing. Plaintiff was told to squat and cough. As Plaintiff was getting dressed one of the officers slapped

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

2

the handcuffs on hard.

The officers continued to argue and one of them threatened to pepper spray Plaintiff. The officer pushed Plaintiff and told him to shut up. The officer sat Plaintiff down forcefully. When the officers left Plaintiff's psychiatrist was upset at the way the officers treated an inmate with mental health issues. Within the week, Plaintiff was called to medical to have a nurse examine his hands and marks on his body.

For the reasons set forth below, Plaintiff has failed to state a cognizable claim for relief. Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies described by the Court in this order. In the paragraphs that follow, the Court will provide Plaintiff with the legal standards that appear to apply to his claims. Plaintiff should carefully review the standards and amend only those claims that he believes, in good faith, are cognizable.

### III. Discussion

#### A. Excessive Force

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347, 101 S. Ct. 2392, 2399 (1981). The inquiry as to whether a prison official's use of force constitutes cruel and unusual punishment is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7, 112 S. Ct. 995, 998 (1992); Whitley v. Albers, 475 U.S. 312, 320, 106 S. Ct. 1078, 1085 (312).

Plaintiff's allegations that the full body search did not feel right and that officers strip searched him fail to state a cognizable claim for excessive force in violation of the Eighth Amendment. While an officer's use of force to maliciously and sadistically cause harm violates the contemporary standards of decency, Wilkins v. Gaddy, __ U.S. __, 130 S. Ct. 1175, 1178 (2010), Plaintiff's allegations that the correctional officers were rough and careless when they dealt with him or had him sit down forcefully do not rise to the level of an Eighth Amendment violation.

"Not 'every malevolent touch by a prison guard gives rise to a federal cause of action.'" Wilkins, 130 S. Ct. at 1179 (quoting Hudson, 503 U.S. at 9, 112 S. Ct. at 1000). Plaintiff has failed

to set forth facts sufficient to show that the use of force in this instance was more than a routine search because the officers believed that Plaintiff was in the possession of contraband. The possibility that a defendant has acted unlawfully is not sufficient to state a claim. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949.

Additionally, neither verbal harassment or threats constitute a violation of the Eighth Amendment. Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996); Oltarzewski v. Ruggiero, 830 F.2d 136, 138 (9th Cir. 1987); Gaut v. Sunn, 810 F.2d 923, 925 (9th 1987). Plaintiff's allegations that the officers were mad, threatened to pepper spray him, and spoke to him in an offensive manner do not rise to the level of an Eighth Amendment violation.

### B. Amended Complaint

If Plaintiff decides to amend his complaint, he must set forth what each officer did that he alleges violated his federal rights. Since Plaintiff does not know the names of the officers involved, he needs set forth his allegations in a manner to allow the court to identify the acts of each defendant. For example, Plaintiff should state that Doe A did this, and Doe B did that. Plaintiff needs to make it clear which actions he is attributing to each of the unidentified defendants.

Further, Plaintiff's request that the defendants be held liable for their actions does not state a claim for relief. Plaintiff needs to state the relief that he is seeking in this action.

## IV. Conclusion and Order

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his constitutional rights. Plaintiff is granted leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although

accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Plaintiff's complaint, filed September 16, 2011, is dismissed for failure to state a claim upon which relief may be granted under section 1983;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   October 22, 2012           /s/ Barbara A. McAuliffe
                                    UNITED STATES MAGISTRATE JUDGE